FILED

July 21 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0518

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 159N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS HAMILTON McCLELLAND,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 07-171
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General; Helena, Montana

            George Corn, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  June 15, 2010

Decided:  July 20, 2010

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Hamilton McClelland appeals from the judgment of the Twenty-First Judicial District Court, Ravalli County, convicting him of felony assault with a weapon and misdemeanor criminal mischief. McClelland was charged for his role in tearing down a "Slow" sign which his neighbor, Mathias Tallis, had posted on Tallis' fence and striking Tallis on the side of the head with his cane, causing an injury requiring emergency medical care.

¶3 McClelland argues his trial counsel rendered ineffective assistance by failing to secure and present the testimony of a witness concerning a statement made to her by a key State witness. However, even if we were to conclude that counsel's performance was deficient under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), McClelland has not established a reasonable probability that the outcome would have been different, given the substantial evidence against him, and thus has not established prejudice under the second prong.

¶4     McClelland argues the District Court abused its discretion when it prevented him from challenging the credibility of a State witness by cross-examining her about a prior bad check conviction in Washington State, but we conclude that the District Court did not abuse its discretion in excluding this evidence. Further, we conclude that the ruling did not implicate his confrontation rights under the United States and Montana Constitutions, the exercise of plain error review is unnecessary, and his counsel was not ineffective in failing to raise these arguments during trial.

¶5     We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because there is clearly sufficient evidence to support the jury verdict, the District Court correctly applied settled Montana law, and there was clearly no abuse of discretion by the District Court.

¶6     Affirmed.

/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

3